**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**UNITED STATES,**

                **Plaintiff,**                **08 Civ. 7936 (JGK)**

       - against -                 **MEMORANDUM OPINION AND**
                                                          **ORDER**

**ESTATE OF MARTIN J. MACHAT, ET AL.,**

                **Defendants.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

    The Government has moved by Order to Show Cause for a default judgment against defendants Estate of Martin J. Machat and Avril Giacobbi (the "remaining defendants"). The Order to Show Cause is returnable on May 26, 2011. The Government served the Order to Show Cause on Avril Giacobbi by Email, and on John Shaban as counsel for Avril Giacobbi, individually and as Executrix of the Estate of Martin Machat. The Motion refers to a certificate of default by the Clerk that the remaining defendants have failed to answer after the motion to dismiss was denied, and they are currently in default.

    In response to the motion, John Shaban correctly pointed out that he had moved to withdraw as counsel for Avril Giacobbi in her individual and representative capacities, and that the Magistrate Judge had denied that motion in an April 12, 2010 ruling. The Magistrate Judge refused to allow Shaban to withdraw "without first providing all pertinent contact

information [for Giacobbi] (including her address) to the plaintiff's counsel."  Shaban had filed a timely objection to that ruling.  The Government responded but the Court had never ruled on the objection. (The Government's response does not appear on the docket but was sent to the Court and to the other parties in the case at that time.) Shaban is correct that the Court should rule on the objection because there is some ambiguity as to whether he should be required to appear at a hearing on the default and whether continuing service on him, despite his client's determination that he should not represent her, is appropriate.

The materials submitted in connection with the objection make it clear that counsel does not have a mailing address for Giacobbi and that he has provided the e-mail address that he has used to contact Giacobbi.  The papers also make it clear that the Government did effect proper alternative service in this case as authorized by this Court by serving Giacobbi's then counsel and serving Giacobbi at the e-mail address she had used, but which the Government indicates is no longer in use.

In its opposition to defense counsel's objection to the Magistrate Judge's ruling, the Government suggests that the Court either order counsel for Giacobbi to provide Giacobbi's mailing address or order appropriate alternative service on

Giacobbi such as by the Court's ECF system by any party to this action.

It is clear that counsel for Giacobbi does not have a mailing address for Giacobbi and should not be required to find one when there is no indication he has ever had one and has communicated thus far by e-mail with Giacobbi. The papers also include a response to counsel's e-mail to Giacobbi in which she consents to the motion to withdraw. Thus, it is clear that Giacobbi has received documents at that e-mail address.

Therefore, the objection will be **sustained** to the extent that counsel for Giacobbi is permitted to withdraw. Henceforth, alternative service of all papers in this action is to be made on Giacobbi by e-mail to the address that counsel for Giacobbi has been using and also by ECF.

Defendant Giacobbi is required to appear in this action for herself and the Estate by **June 24, 2010**. She may appear pro se, but the Estate can only appear by new counsel. If Giacobbi fails to appear by June 24, and if the Estate fails to appear by new counsel by June 24, a default judgment can be taken against them **in which event they will have no trial**.

As a final condition of withdrawal as counsel in this action, counsel for Giacobbi is required to serve a copy of this order on Giacobbi by the same e-mail address that counsel has used to communicate with her thus far and to file proof of

service with the Court. Counsel is also required to provide Giacobbi with instructions as to how she can access this Court's ECF system so that she can receive all documents when they are filed.

**Ms. Giacobbi is warned that she and the Estate are parties to this action already and if they choose to withdraw from the action, or attempt to evade participation, such as by cancelling the e-mail address at which Giacobbi has been receiving notice, or refusing to accept notifications at that address, they risk having a default judgment entered against them based on their failure to appear.**

In view of the ruling in this order, the current motion for a default judgment is denied without prejudice to renewal after June 24, 2011. No appearance is required on May 26, 2011. The Clerk is directed to close docket No. 145.

SO ORDERED.

Dated:   New York, New York
         May 21, 2011

_____
John G. Koeltl
United States District Judge

4